UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **BARBARA COLLINS,** ) | |
| ) | |
| **Claimant,** ) | |
| ) | |
| vs. ) | Civil Action No. CV-12-S-1830-E |
| ) | |
| **CAROLYN W. COLVIN, Acting** ) | |
| **Commissioner, Social Security** ) | |
| **Administration,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

Claimant, Barbara Collins, commenced this action on May 10, 2012, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability and disability insurance benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ improperly considered her past relevant work and improperly evaluated her subjective complaints of pain. Upon review of the record, the court concludes that these contentions are without merit.

Claimant first asserts that the ALJ erred in finding that claimant was capable of returning to her past relevant work as a cook, because she never performed that work at the level of substantial gainful activity. Even if the ALJ did err in considering claimant's work as a cook to be past relevant work, the error was harmless, because the ALJ also found that claimant could perform other jobs existing in significant numbers in the national economy.[1]

Claimant's second argument is that the ALJ erred in evaluating claimant's subjective complaints of pain. To demonstrate that pain or another subjective symptom renders her disabled, claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the

---

[1] *See* Tr. 20 ("Although the claimant is capable of performing past relevant work, there are other jobs existing in the national economy that she is also able to perform.").

alleged pain.'" *Edwards v. Sullivan*, 937 F. 2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)).  If an ALJ discredits subjective testimony on pain, "he must articulate explicit and adequate reasons." *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)).  Furthermore, "[a]fter considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence." *Marbury v. Sullivan,* 957 F.2d 837, 839 (11th Cir. 1992) (citing *Wilson v. Heckler,* 734 F.2d 513, 517 (11th Cir. 1984)) (alteration supplied).

Claimant asserts that the ALJ failed to properly apply this standard.  It is true that the ALJ did not directly cite the three-part standard or cite any case law expressing that standard.  Even so, the ALJ did make the following finding, which is consistent with the Eleventh Circuit pain standard:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.[2]

More specifically, the ALJ reasoned that claimant's allegations of disabling knee and hip pain were inconsistent with her reported daily activities and the objective findings

---

[2] Tr. 18.

3

of her treating physician, and there was no medical evidence to support claimant's allegations of headaches.[3] These conclusions were supported by substantial evidence.

Consistent with the foregoing, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards. Accordingly, the decision of the Commissioner is AFFIRMED. Costs are taxed against claimant. The Clerk is directed to close this file.

DONE this 20th day of March, 2013.

_____
United States District Judge

---

[3] Tr. 18-19.